UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DONALD WILLIAMS                                    CIVIL ACTION

VERSUS                                             NO: 13-6048

STATE OF LOUISIANA                                 SECTION: R(2)
GOVERNOR BOBBY JINDAL

### ORDER AND REASONS

Plaintiff Donald Williams's appeals the magistrate judge's October 10, 2013 Order and Reasons denying his application to proceed *in forma pauperis* on his 42 U.S.C. § 1983 action. For the following reasons, the Court AFFIRMS the magistrate judge's order.

### I.   BACKGROUND

Plaintiff Martin Franco is currently incarcerated in the David Wade Correctional Center in Homer, Louisiana. On January 10, 2013, he filed an application under 28 U.S.C. § 1915 to proceed *in forma pauperis* on a claim under 42 U.S.C. § 1983 against the State of Louisiana and Governor Bobby Jindal. Plaintiff alleges that he has suffered irreparable harm as a result of the inadequate indigent defender programs in Orleans, Jefferson and St. Tammany Parishes and the ineffective assistance of his attorneys. He seeks monetary compensation and injunctive

and declaratory relief.

Determination of Williams's pauper status was referred automatically to the magistrate judge under Local Rule 72.1E(B)(1) and 28 U.S.C. § 636(b). The magistrate judge denied plaintiff's application to proceed as a pauper pursuant to 28 U.S.C. § 1915(g) in an Order and Reasons dated October 10, 2013. Section 1915(g) precludes a prisoner from proceeding *in forma pauperis* if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The magistrate judge found that plaintiff has filed at least four civil actions that have been dismissed as frivolous or for failure to state a claim for which relief could be granted.[1] The magistrate judge further concluded that plaintiff failed to show that he was in imminent danger of serious physical injury.

Franco then filed a Notice of Appeal.[2] He does not contest the magistrate judge's finding that he is not in imminent danger. Instead, Williams asserts that the dismissals of his earlier actions should not count as "strikes" against him, because some

---

[1] R. Doc. 2 at 2.

[2] R. Doc. 3.

2

of the claims in those actions were heard on the merits.[3]

## II. LEGAL STANDARD

There is some disagreement among courts over whether a magistrate judge's ruling on an IFP application should be treated as a ruling on a non-dispositive pre-trial matter under 28 U.S.C. § 636(b)(1)(A) and reviewed for clear error, or treated as a report and recommendation prepared under 28 U.S.C. § 636(b)(1)(B) and thus reviewed *de novo*. *See Wilson v. Becker*, No. 07-7157, 2008 WL 81286 (E.D. La. Jan. 7, 2008)(collecting cases). The Fifth Circuit touched on this issue in *Donaldson v. Ducote*, 373 F.3d 622 (5th Cir. 2004), and observed that a party "dissatisfied with a magistrate judge's findings and recommendations [regarding an IFP application] may [] obtain relief by objecting to the magistrate judge's findings and recommendations, thereby compelling the district court to review his objections *de novo*." *Donaldson*, 373 F.3d at 624. *See also Wilson*, 2008 WL 81286, at *2 (discussing *Donaldson*). It is unnecessary to resolve the conflict in this case, however, because under either standard of review - clear error or *de novo* - the Court finds that plaintiff's application is devoid of merit.

## III. DISCUSSION

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action as a pauper if he has, on three or more

---

[3] R. Doc. 3 at 7.

3

earlier occasions while in prison, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim. Williams argues that a dismissal should not count towards the so-called "three strikes rule" unless the entire action was dismissed on one of the enumerated grounds. He contends that some of the claims in three of his earlier actions were heard on the merits. It is clear, however, that Williams's descriptions of the procedural history of his previous actions were merely lifted from the facts of an unrelated case in the Seventh Circuit. *See Turley v. Gaetz*, 625 F.3d 1005, 1007 (7th Cir. 2010). On at least five occasions, including those listed by the magistrate judge, Williams's complaints have been dismissed as frivolous in their entirety. *See Williams v. Louisiana Supreme Court*, CIV.A. 06-8716, 2007 WL 763641 (E.D. La. Mar. 9, 2007) (dismissing with prejudice plaintiff's claims as legally frivolous and/or for failure to state a claim); *Williams v. Elloie*, CIV.A. 00-3387 (E.D. La. Feb. 21, 2001) (dismissing petition for writ of mandamus as legally frivolous and/or for failure to state a claim); *Williams v. Roberts*, CIV.A. 96-3296 (M.D. La. Sept. 13, 1996) (dismissing action as frivolous); *Williams v. Lombard*, CIV.A. 93-1508 (E.D. La. June 11, 1993) (dismissing suit as frivolous); *Williams v. Woodfork*, CIV.A. 93-1509 (E.D. La. Aug. 25, 1993) (dismissing action as frivolous and without prejudice

to plaintiff's state court rights).

Accordingly, the magistrate judge correctly determined that the three-strikes rule bars Williams's application to proceed *in forma pauperis*.

**IV. CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the magistrate judge's denial of plaintiff's application to proceed *in forma pauperis* in this action.

New Orleans, Louisiana, this 20th day of November, 2013.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE